other attorney at law, authorizing him to appear in any suit brought or to be brought against said Hartwell, at the suit of the plaintiffs, on said obligation, as of any term or time, past, present, or any other subsequent term or time, there or elsewhere to be held, and confess judgment thereupon against me, the said Hartwell, for the sum of eight thousand dollars, etc. In December, 1846, by virtue of the above warrant, a judgment was confessed by E. A. Thompson, an attorney at law in this court, for eight thousand dollars; and a remittitur at the same time was entered for upwards of five thousand dollars, so as to reduce the judgment to the sum due. And a motion is now made to set aside the judgment, on the ground that it was entered on the bond before it was due. Affidavits were read, showing the transactions between the plaintiffs and defendant, and the amount due. The court set aside the judgment, on the ground that there was no appearance, and the judgment was entered prematurely. There was no appearance by the defendant. The bond was a part of the power of attorney. From the facts, the court have no doubt that the attorney acted in good faith.

---

## Case No. 13,055.

### SMITH v. HAZEL.

[3 Cranch, C. C. 55.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

#### REPLEVIN—TITLE—MITIGATION OF DAMAGES.

In an action upon a replevin bond the defendant may, in mitigation of damages, give evidence of title in himself of the property replevied. Quære?

Debt on replevin bond [by William Smith against Zachariah Hazel]. The plaintiff in replevin was non-prossed, and the defendant had judgment for a return. The writ of retorno habendo was returned "elongata."

Mr. Wallach, for defendant Hazel, offered to give evidence, in mitigation of damages, that the property of the goods replevied was in him; and cited McDaniel v. Fish [Case No. 8,744], in this court, at December term, 1818, and Wilson v. Slye [unreported].

THE COURT, at first, thought that the evidence was not admissible, because it was matter of defence to the original suit, of which the plaintiff in that suit might have availed himself, but did not, and that the defendant could not give evidence that the plaintiff in this suit ought not to have had judgment in the replevin; but, upon reconsideration, permitted the defendant to give the evidence, reserving a right to the plaintiff to move for a new trial, on the ground of admitting improper evidence.

Verdict for the plaintiff, $200 damages.

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

## Case No. 13,056.

### SMITH v. HEISKELL.

[1 Cranch, C. C. 99.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

#### FIXTURES—STOVES—VENDOR AND PURCHASER.

Franklin stoves fixed, in the usual manner with bricks and mortar, pass to the vendee of the house.

[Cited in Rahway Sav. Inst. v. Irving St. Baptist Church, 36 N. J. Eq. 62.]

Trover for Franklin stoves fixed in the fireplaces of the house which the defendant purchased of the plaintiff. They were fixed in the usual manner with bricks and mortar. The jury found that when the plaintiff sold the house to the defendant, he expected to be paid for the stoves in addition to the price of the house. The cases cited were, Lawton v. Lawton, 3 Atk. 13; 2 Bac. Abr. (Gwillim's Ed.) 420.

Judgment for the defendant, it being a case between vendor and vendee.

---

## Case No. 13,057.

### SMITH v. HIGGINS.

Circuit Court, S. D. New York. 1856.

#### PATENTS—INFRINGEMENT—DAMAGES—THEORY OF

1. The general rule is, that the patentee or his assignee, in case of an infringement or appropriation of his invention by another without his license, is entitled to the actual damages he has sustained by reason of such infringement.

2. The theory or principle in respect to damages is, that a third person who adopts, appropriates, or uses the improvement of another, interferes with his custom, his monopoly, or, rather, property, and affects the benefits which he would otherwise be entitled to.

3. The rule excludes any exaggerated or vindictive damages which are sometimes allowed in cases of wilful trespass.

4. In order to constitute an infringement, it is not necessary that the arrangement and combination of the party charged with the infringement should be the same to the eye, or in point of fact. If they embody the ideas of the patentee, and the machinery of the defendant operates by such adoption and appropriation, then, though the arrangement may be apparently different, in reality and in judgment of law, an infringement exists.

[Cited in Law. Pat. Dig. 238, 369, to the points as stated above. Nowhere reported; opinion not now accessible.]

---

## Case No. 13,058.

### SMITH v. HIGGINS.

District Court, S. D. New York. 1857.

#### PATENTS—COMBINATION—DAMAGES—PRESUMPTIONS—PRIOR KNOWLEDGE AND USE—IDENTITY.

1. Where the right of recovery rests on a combination, the plaintiff must prove that all those parts substantial to their combination

[1] [Reported by Hon. William Cranch, Chief Judge.]

have been used by the defendants. The employment of one or more of those parts less than the whole will not constitute an infringement.

2. No precise standard by which damages are to be measured is supplied by the law. The statute gives the patentee his actual damages, but these must be proved; they cannot be presumed. If he fails to give evidence to the point, the jury can award no other than nominal damages.

3. It is exceedingly difficult to give direct evidence of the real amount of damages. Facts, which imply damages, may be regarded as proof of damages, under the restriction that they do not warrant giving presumptive or speculative damages. There must be either positive proof of damages, or facts proved which import the amount proper to be awarded.

4. It is a presumption of law that what the patentee does not distinctly assert to be his invention was known before.

5. It is to be assumed that persons obtaining patents have acquainted themselves with the state of the art in which they are interested as made known in books, or by machines built and put in use, and evidence is not admissible to prove the contrary; nor is it matter of inquiry whether machines described in printed works were ever practically put to use or not.

6. A change in the forms or proportions of instrumentalities—a substitution of one motive-power for another, a different position or gearing of the working apparatus, a superior finish in any other particular, resting in mere mechanical skill or taste, and not involving invention—does not render machines appearing to the eye exceedingly unlike substantially different in judgment of law.

7. As to the question of infringement, it is a standing principle of law that every person is entitled to the free use of whatever was known and used prior to the patent which attempts to appropriate it as a new discovery; and it is unimportant whether the character and capacities of machinery open to general use are understood or not by the public at large, or had been used by many. It is sufficient to show the public had free means of access to it, and to employ it, and the law then presumes it was well known and in public use.

8. If the thing used by a defendant corresponds substantially with that known and in use before the discovery of the patentee, or described in printed works, then his acts are no infringement of any right of a patentee: and, if the thing used by the defendants and that patented to the plaintiff are substantially alike, the question of infringement will still depend upon the further inquiry whether the patentee was the first and original discoverer of the patented invention.

9. The question of identity is one of fact to be determined by the jury upon the evidence, under the instructions of the court as to what in law constitutes a substantial identity.

10. One machine need not be a perfect transcript of the other, nor correspond exactly in arrangements, manner of action, or results. But a patentee is protected against any use of his invention by the employment of means apparently dissimilar to his own, if they possess the same functions, are employed for the same purpose, and embody a common principle.

11. Nor is the substantial identity of two machines established by proof that they bring out the same products, and use the same mechanical powers, and have other resemblances. But in such case the evidence must show that the two are of the same nature and character, and constructed and operated upon a common principle, and to the same purpose.

12. And it is exclusively the province of the jury to ascertain and determine whether the patentee is the original inventor of the invention described in the patent, and whether the patent embraces the thing used by the defendants.

[Cited in Law, Pat. Dig. 190, 239, 284, 337, 364, 439, 457, to the points as stated above. Nowhere reported; opinion not now accessible.]

---

## Case No. 13,059.

### SMITH et al. v. HIGGINS et al.

### [1 Fish. Pat. Cas. 537.] 1

Circuit Court, S. D. New York. Dec., 1859.

PATENTS—ARRANGEMENT AND COMBINATION—PRINCIPLE OF PATENT.

1. In order to constitute an infringement, it is not necessary that the arrangement and combination of the party charged with the infringement should be the same to the eye as the patented invention. If they embody the ideas of the patentee, and the machinery of the defendant operates by such adoption and appropriation, then, though the arrangement may be apparently different, in reality and in judgment of law an infringement exists.

[Cited in brief in Tillotson v. Ramsay, 51 Vt. 311.]

2. Hence, it will not only be proper, but essential, that the jury should look into the arrangement and operation of the machinery used by the defendant, for the purpose of ascertaining whether or not it embodies within it the principle of the patentee: whether, or not, its successful operation is attributable to such appropriation. If it does, then it is an infringement. If it does not, then there has been no infringement.

This was an action on the case [by Alexander Smith and Jonathan Smith against Alvin Higgins and others] tried by Mr. Justice NELSON and a jury, and brought to recover damages for the infringement of letters patent [No. 7,446] granted to Alexander Smith, June 18, 1850, and reissued May 11, 1852 [No. 217], for a new and useful "apparatus for parti-coloring yarn," an undivided half of which was assigned to Jonathan Smith.

The claims of the reissued patent were as follows: "What I claim as my invention, and desire to secure by letters patent, is the method substantially as specified, of parti-coloring yarns that have been reeled, by direct and free immersion by means of frames carrying the reeled yarns, and combined with the vat containing the dyeing liquor, by means of machinery adapted to let down and draw up said frame, and measure the extent of immersion substantially as set forth. I also claim connecting one or both of the reels in each frame by means of slides, to admit of moving the reels from contact with the yarns, while in the process of dyeing, substantially as specified."

Chas. M. Keller and Samuel Blatchford, for plaintiffs.

---

1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]